I'm Justice Aurelia Pichinsky and my colleagues with me today are Justice Michael Hyman and Justice Celia Gamrath. If we could have the counsel for the appellant introduce themselves, please. Good afternoon, your honors and counsel. My name is Carrie Darden and I represent the appellant Roberto Estrada. Okay, and the counsel for the appellee, please. State's attorney Amy McGowan for the people. Okay, our normal practice is to give each side 10 to 15 minutes. We hope uninterrupted to go for your best case. Put the most important part of your case first. Remembering that we have all read the briefs, the record, and the cases cited. So we start from having done all that and go to your highest point and just work your way down. The appellant has the right to reserve a couple minutes for rebuttal. How much would you like to reserve? I'll reserve three minutes for rebuttal, please. Okay, great. In the meantime, could the attorney for the appellant please begin? Thank you. Good afternoon, your honors, and may it please the court. Illinois Supreme Court Rule 651c imposes clear affirmative duties on appointed post-conviction counsel. Among them is an obligation to make any amendments to the pro se petition that are necessary for an adequate presentation of the petitioner's claims. In this case, post-conviction counsel adopted each of Mr. Estrada's pro se claims, but did nothing to shape or support those claims so they could be meaningfully considered at the second stage. Counsel failed to provide any evidentiary support for two ineffective assistance claims that plainly required it. Where in the record is there any indication that counsel failed to investigate? So, Justice Hyman, I would say that there are two reasons that we can derive from the record to assume that counsel did not conduct an investigation in this case. The first is that he provided an explanation for an absence of evidentiary support specifically with respect to the first ineffective assistance claim regarding this alleged exculpatory bus stop video that was legally insufficient and illogical. That explanation was that Mr. Estrada was incarcerated. Essentially just re-alleging the allegation that Mr. Estrada included in his petition. That allegation is insufficient as an excuse for Estrada himself and is especially insufficient for post-conviction counsel who was not himself incarcerated. Therefore, that explanation simply doesn't suggest that any investigation or attempt to secure such an affidavit was the case here. Secondly, in addition to Mr. Estrada and his mother, there was another potential source of corroboration for this alleged exculpatory video in the form of trial counsel. Trial counsel was not contacted in this case until after the hearing on the state's motion to dismiss where the circuit court indicated that the only potentially viable claim based on what had been presented to the court at that point was an ineffective assistance claim for failure to tender a potential plea offer. And at that point, post-conviction counsel asked the circuit court if he could have an extra date to try to contact trial counsel. And the circuit court seemingly chastised post-conviction counsel and sort of said, well, that's the whole point of why we're here. This should have been done a long time ago. That in the record suggests that post-conviction counsel had not contacted trial counsel, who would have been another possible source of corroboration for this alleged video. Separately, even if we presume that counsel investigated these claims and was unable to provide or secure any amount of evidentiary support, at that point, counsel should not have adopted these claims because they would have clearly lacked merit. These are two claims that necessarily require additional outside evidentiary support. Otherwise, they are completely meritless. And so if counsel, if we assume that counsel tried to investigate these claims, reached out to Mr. Estrada, reached out to Mr. Estrada's mother, talked to trial counsel about whether this alleged exculpatory video ever existed, whether it was shown, what was shown within the video, and determined that the video didn't exist, determined that whatever video everyone is referencing didn't contain anything exculpatory, at that point, counsel had an obligation not to adopt the claim and suggest to the circuit court that the claim had merit. Here, where counsel adopted both of these ineffective assistance claims, and by adopting them and re-alleging them in the response to the state's motion to dismiss, he suggested to the circuit court that he believed that the claims had merit. And without support, he's not complying with his obligations under 651C to make sure that these claims are in the proper legal form with the proper support. And so based on those two moments in the record, this illegally insufficient and illogical explanation coupled with the failure to contact trial counsel until after the state's motion to dismiss, after the hearing on the state's motion to dismiss rather, that rebuts any presumption that post-conviction counsel actually did investigate these claims here. And as I mentioned, under Greer and more recently, the Supreme Court's 2023 decision, People v. Urzua, as I cited in my briefs, once post-conviction counsel adopts a post-conviction claim, he has an obligation under Rule 651 to make any amendments to the petition that are necessary to adequately present and support the claims. In fact, the state cites this Court's decision in People v. James, which acknowledges, quote, when post-conviction counsel investigates a defendant's pro se claims and determines that they have no merit, counsel has two options. One is to withdraw as counsel. The other is to stand on the allegations in the pro se petition and inform the Court of the reason the petition was not amended, end quote. Here, counsel adopted the claims and provided no explanation for an absence of support, with one notable exception, that which Estrada was incarcerated. And at the point that he's claims, he has an obligation to amend the petition and support them. And where he did not, he performed unreasonably. Well, even if he said he contacted the mother and she said she saw something, how does that change things? Well, if he contacted the mother and she said that she viewed this video that was allegedly exculpatory, at that point, counsel would have an obligation to secure an affidavit and present that to attach and attach that to the petition in order to support the claim. Without that affidavit, we have no reason to believe that counsel contacted the mother. And as I mentioned before, if counsel contacted the mother and she said that she never saw anything, that there was no video, at that point, counsel should not be adopting the claim because the claim clearly lacked support. And we're all left to speculate about what counsel did or did not do, where we have two claims that he adopted, claimed they had merit, and yet did nothing to actually support them. Especially with respect to the second ineffective assistance claim regarding the failure to present a DNA expert, that claim, without some sort of support, is based entirely on the trial record. And counsel did not amend the petition to address any potential procedural default as well. And so, there's not a necessity to have a DNA expert. Here, the DNA did not exclude Estrada. So, where are we going with that? Are you saying in every case, then, there needs to be a DNA expert, if we agree with you, that unless the attorney in the situation pursues an expert, there's something, it has to be reversed? Not necessarily saying that that's necessary in every case. Well, what's different in this case than any other case? Why this case? Particularly when the DNA doesn't exclude him. So, what is this expert going to testify to? We know what the numbers are. They're not saying that, they're not attacking the expert to provide that information. So, I think what I'm saying is sort of like this speculation is part of this is a frustrating situation, right? Counsel is adopting an ineffective assistance claim and suggesting that it's possible to make out a Strickland claim, but isn't providing any support for said claim. It's impossible to assess deficient performance or prejudice with respect to this DNA claim or any of these other claims without any support for it. And so, I don't feel like I'm in a position to be able to say exactly what a potential expert would have contributed. All I can say is that Rule 651C requires post-conviction counsel to support the claims that they're adopting. And here, with respect to these two ineffective assistance claims that plainly required outside evidentiary support, counsel's failure to do so was unreasonable. Even if he thought that the claim lacked merit? If he believed that the claim lacked merit, then he should not have adopted the claims under Greer and more recently under Urzula. Because when you adopt a claim under Rule 651C, you have an obligation to support it. And here, he plainly failed to do so. That's sort of a sliding scale, isn't it? Because there is a difference with a claim being frivolous and one just, you know, not being particularly strong. Sure. In this case, I think both of these ineffective assistance claims require support. Without some sort of basis to conclude that trial counsel was ineffective for not calling a DNA expert, this claim is meritless. And as I mentioned before, in addition to being meritless, it's also subject to forfeiture. And so, trial counsel neither amended the petition to address forfeiture nor presented any outside support to be able to assess whether Estrada had made a substantial showing of ineffectiveness with respect to the DNA claim. Because it's impossible to assess deficient performance or prejudice without some sort of showing about what a defense expert could have actually presented at the trial that's different from trial counsel's cross-examination of the state's expert. So, without support, we're left to speculate about the merits of these claims. And we know from Suarez, Turner, and more recently Addison that when post-conviction counsel doesn't comply with their obligations under Rule 651C, the appropriate remedy is remand to allow for compliance. And so, if there are no further questions, I'll just ask that this court reverse the dismissal of Mr. Estrada's petition and remand for further second-stage proceedings with the appointment of new counsel. Any other questions for Ms. Darden? No. Ms. Hyman? No. Okay. Thank you, Ms. Darden. Ms. McGowan? May it please the court. I'd like to take the second... Ms. McGowan, I'm sorry. Pardon? I'm sorry. Ms. McGowan, I'm sorry. I'd like to take the second claim first. Defending contends that post-conviction counsel was unreasonable in failing to attach an affidavit from a DNA expert. First, neither the Act, the Rule 651, nor Illinois courts require post-conviction counsel to hire an expert. Defendant doesn't even have an expert in mind. No report just believes... Well, we wouldn't expect the defendant to have an expert in mind. I mean, that's kind of a non-starter. Why shouldn't... If this claim had no merit, why didn't counsel say something? I mean, we don't know what the counsel did, and all that needed to be done in that affidavit was say something. Instead, it adopts it, and therefore, it must have some value. And a couple... I heard a couple of questions in there, Justice Hyman. First, we don't know what counsel did, you said, but we do. We actually know that counsel did investigate this claim. He told the court, and this was on the record, page 1917, that he has an investigator and is, quote, looking into the whole DNA matter to see if there's anything I can do to amend the petition. We also know that on two separate occasions, he was looking for, talked with, and then eventually had an interview with trial counsel, and that's on 1924 in the record, both before the state's motion to dismiss. So we do know that counsel investigated this claim. Well, he said somebody was looking into it. That doesn't mean we don't know what happened. If there was anything that happened, and that's not in the affidavit. In what affidavit, sir? In the 651C. Right. Well, to that point, 651C, that certificate, isn't supposed to be a comprehensive recounting of counsel. I wouldn't say comprehensive. He didn't say anything. He just adopted it. If it had no merit, then he shouldn't have adopted it. Would you agree with that? If it had no merit, should he have adopted it? I agree with Justice Ganraff's point that there's a scale here. Whether a claim has merit is different from a claim being entirely frivolous, and I don't think that this claim was entirely frivolous. This claim, it potentially had merit. I don't think counsel was ethically obligated to withdraw from this claim, but 651 does not impose a duty on him to seek out and hire an expert, or however many it might take, to review the record, the evidence, and conclude that the state's expert was wrong. To rebuke her, that's an extraordinary burden to place on post-conviction counsel, and that's a burden not even placed on the constitutionally guaranteed trial counsel. So, how would you describe the burden? A reasonable level of assistance, which our Supreme Court has stated is significantly lower than trial and appellate counsel. In this circumstance, what would that entail? In the context of this case, what is reasonable? Post-conviction counsel was reasonable, and then he told you that an investigator- What is reasonable in this situation? You're saying it was reasonable. What was done that was reasonable? It's reasonable that he hired an investigator, that he was looking into the DNA matter, that he interviewed trial counsel. This is a matter of trial strategy, and the court didn't dismiss the claim because there wasn't an affidavit from a DNA expert attached. It dismissed the claim because the court understood that even trial counsel is not obligated to hire an expert, but instead can challenge the state's expert through cross examination, and that's how the court dismissed the claim. That trial counsel challenged the DNA evidence through extensive and vigorous cross examination was what the court said. So, just because post-conviction counsel in this case wasn't able to find an expert to rebuke the state's witness doesn't mean that he provided unreasonable assistance. Here, the record shows that he read the record, he consulted with defendant, he investigated the DNA issue, he interviewed trial counsel, and concluded that he could not amend the petition. Expecting him to hire experts, however many it took, far exceeds the limited duties of 651C and the level of representation statutorily conferred to post-conviction petitioners. Briefly, in regards to defendant's claim that post-conviction counsel was required to add an ineffective assistance of counsel claim, aside from the court dismissing this claim on its merits, whether this claim could have been raised on direct appeal is up for debate. And in fact, defendant makes both sides of the argument in their brief. Defendant's argument is that this claim was doomed without an expert opinion, an expert, a DNA experts affidavit. If that was the case, then direct appellate counsel could not be ineffective in failing to raise a doomed claim that required an outside the record affidavit. If this wasn't able to be raised on direct appeal, appellate counsel can't be ineffective. If they're taking the opposite opinion that it is contained entirely within the record, then post-conviction counsel can't be unreasonable for failing to come up with the expert affidavit if defendant is saying everything's contained in the record needed for a full review of this claim. At the end, it's defendant's burden to prove that counsel was unreasonable, that he did not post-conviction counsel neglected his responsibilities. In regards to the other claim that counsel was unreasonable and failing to include an exculpatory video or an affidavit from defendant's mom, I wanna talk about the video. In the petition, defendant says that his mom saw a video and stated the video did not show anyone at the bus stop and didn't show any crime. So, in regards to this claim, I think it's important to think about when affidavits or other evidence are necessary. They're necessary when without them, the court cannot consider the claims. And here, an affidavit from defendant's mom or an explanation of why he couldn't get one was not necessary for adequate consideration of defendant's claim. Take his allegation as true. This petition was verified by affidavit. So, an evidentiary affidavit from defendant wouldn't have been necessary. He verified this, which distinguishes this case from Urzula. So, take as true there's a video that did not capture the crime and counsel didn't present it. The court ruled that even if the affidavit or video was attached, this was a matter of trial strategy. And that's why the court rejected the claim. So, counsel's failure to find this video not capturing the crime or get an affidavit from his mom did not render this claim inadequate for review. And again, we know that counsel investigated this claim. He told the court that he has an investigator looking to locate a witness. In the petition, defendant said that his lives out of state and is unreliable with communication and correspondence. Again, matter of trial strategy and post-conviction counsel interviewed trial counsel. And he said, with that, it's likely that I'll be filing a 651C at the next court date. Where attaching this video or an affidavit from his mom was not necessary, defendant has not shown that post-conviction counsel failed to comply with 651C. Your honors, post-conviction counsel filed the 651C certificate and the record shows that he complied with the rule. He consulted with the defendant. He reviewed the record, examined the pro se petition, and conducted investigations into defendant's claims. What defendant false conviction counsel for failing to do was neither required nor necessary under 651. And therefore, defendant cannot meet his burden in demonstrating counsel's failure to substantially comply with 651. Defendant is asking you to look for things in the record and presume that counsel acted unreasonably, significantly less than ineffective assistance. And that's a big which says when counsel files a 651 and the record does not flatly contradict it, the presumption controls until defendant rebuts it. So for these reasons and those stated in our brief, I ask that you affirm the circuit court's ruling. Can I ask you about this video? There is something in the record that shows an impound order of a DVD. Is that the video that we're talking about or is that something different? I have no idea, Justice. There's nothing in the record that suggests the discovery was shared with defendant's mom, but defendant does mention a video that is in the record. So whether that's the bus stop video that didn't capture the crime that he's talking about or whether it's body cam video of police talking with witnesses, I have no idea what that impounded video is, if that's what he's referring to. But we do know that trial counsel did speak with an interview. I'm sorry, post-invision counsel spoke with an interviewed trial counsel. Thank you. Any other questions for Ms. McAllen? No? Okay. Ms. Dardana, your rebuttal, please. Thank you. I'll be brief. I just want to emphasize again that the requirements for post-conviction counsel to act in a particular way is coming directly from the court. So I'm not going to  It's coming directly from Illinois Supreme Court Rule 651C. Counsel, by adopting the claims, was required to support them or at the bare minimum... Are you saying that counsel had to hire a DNA expert? How else would that happen? Ms. McAllen said that's what you're asking for. I mean, anything less would... Are you asking for something less? Well, what I was going to say, Justice Hyman, is that counsel was required to support or explain an absence of support. And there's no explanation for an absence of support, particularly with respect to the ineffective assistance for failure to call a DNA expert at trial claim. There are some explanations, though I argued they're insufficient explanations with respect to the other claim. Counsel doesn't provide any explanation for why there's no support. He just re-alleges the same unsupported claims that are contained in the pro se petition, adopts the claims... And you're saying that's not sufficient, but under the prevailing Supreme Court decisions, isn't it, in this situation, isn't that sufficient? There's nothing more for him to do. If he investigated it, I mean, otherwise, it seems to me you're saying he has to hire somebody. Well, I'm saying if he investigated it and determined that there's no support for the claim, then the claim is meritless and you shouldn't have adopted it. No, there's a difference between frivolous, meritless, maybe, maybe not, who knows. But we heard that there was an investigator and that there was an investigation, and he felt, well, let's give it a shot. Well, that doesn't mean it's frivolous. He did what he was supposed to do and he wrote an affidavit that elicits the state claims it's sufficient. Sure. In response to that, I'll just say, you know, there are these notions in the record that some sort of investigation is happening. I'd like to just point the court's attention again to the more concrete assertions that are at the hearing on the state's motion to dismiss, where, again, the circuit court is essentially chastising post-conviction counsel for not having fleshed out some of these things with trial counsel before that point, so much so that the circuit court said that's the whole reason why we're here. This should have been done a long time ago. And that was after the circuit court essentially suggested, based on the record before it, that the only potentially viable claim was the separate ineffectiveness claim. And the circuit court really wanted to hear from trial counsel. It seemed like, based on those more concrete assertions, that there really wasn't much of an investigation, particularly with respect to trial counsel. And so, where post-conviction counsel did not make any contact with trial counsel until these claims were essentially rejected by the circuit court and also suggested that even an affidavit wasn't attainable because of Estrada's incarceration, that rebutts any presumption that counsel conducted some sort of reasonable investigation and was just unable to provide support. So, counsel, by adopting the claims, suggested that they had merit and, under the case law, has an obligation to amend the petition to provide support and make sure that they're presented in a legally sufficient way. And by failing to do so, counsel provided unreasonable assistance. And I just ask the court to reverse the dismissal of his petition and remand for further second-stage proceedings. Thank you. Any questions of Ms. Stardon, Justice Hyman, Justice Gamrath? No? Okay. Well, in that case, ladies, we'd like to thank you both for your excellent oral argument in this case and your excellent briefs. We will take this case under consideration and issue an order in the near future.